1
2
3
4
5
6
7
8  **UNITED STATES DISTRICT COURT**
9  **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  JUSTIN THOMAS MILLER,                    CASE NO. 10-CV-702-WQH
                                             (BGS)
12                          Plaintiff,
                                             **ORDER:**
13      vs.                                  **(1)  DENYING PLAINTIFF'S
                                             MOTION TO APPOINT
14                                           COUNSEL
    JOHN LAMONTAGNE, Factory                 &**
15  Superintendent; RICHARD O                **(2) EXTENDING TIME FOR
    BUTCHER, Medical Doctor; JOSE E          SERVICE BY 60 DAYS**
16  OTERO, Medical Doctor; and DAVID G
    SMITH, Medical Doctor,
17
                            Defendants.
18

19          On July 7, 2010, Plaintiff Justin Thomas Miller, a prisoner proceeding *pro se* in this
20
    civil rights action filed pursuant to 42 U.S.C. §1983, filed a motion to appoint counsel. (Doc.
21
    No. 17.)  This is Plaintiff's second request to appoint counsel.  (*See* Doc. No. 3.)  On May 10,
22
    2010, the Court denied Plaintiff's first request.  (Doc. No. 7.)  For the reasons set forth below,
23
    the Court DENIES WITHOUT PREJUDICE Plaintiff's current motion for appointment of
24
    counsel.
25
            Plaintiff requests appointment of counsel because he is incarcerated and is unable to
26
    provide the U.S. Marshals Service with the home addresses of the Defendants. (Doc. No. 17.)
27
    After attempting to serve all four Defendants at the address for Richard J. Donovan
28
    Correctional Facility, summons were returned unexecuted, as the litigation coordinator for

Richard J. Donovan Correctional Facility indicated that none of the Defendants were employed at the facility. (*See* Doc. Nos. 9-12.) On July 2, 2010, summons were returned executed as to Defendants Richard O. Butcher and Jose E. Otero. (Doc. Nos. 15-16.) Two of the four named Defendants in this case have therefore been served with the complaint.

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (*citing Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. The Court previously denied Plaintiff's request and nothing has substantially changed in this case since that time to change the Court's analysis. Plaintiff has thus far been able to articulate his claims, as the Court found that Plaintiff's complaint contains allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b). (*See* Doc. No. 7 at 4.) Additionally, Plaintiff has been able to serve two of the four named defendants with a

summons and complaint after the initial summons to these defendants were returned unexecuted. It is Plaintiff's responsibility to identify and locate defendants. The Court finds that Plaintiff's difficulty in locating and serving defendants *pro se* is not based on the complexity of the legal issues involved but rather on the general difficulty of litigating *pro se. See Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986) (noting that, "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").

In light of Plaintiff's difficulties in serving defendants, the Court, pursuant to Fed. R. Civ. Pro. 4(m), will extend the time for service of the summons and complaint.  Plaintiff's complaint was filed on April 1, 2010.  (Doc. No. 1.)  Therefore, the 120 days for service under Rule 4(m) expired on July 30, 2010.  Plaintiff shall have an additional sixty (60) days from the date of this order to attempt to successfully serve Defendants Lamontagne and Smith.

**IT IS SO ORDERED.**

DATED: August 2, 2010

_____
**BERNARD G. SKOMAL**
United States Magistrate Judge