# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN THOMAS MILLER,<br><br>                           Plaintiff,<br>vs.<br>JOHN LAMONTAGNE; RICHARD O. BUTCHER; JOSE E. OTERO; and DAVID G. SMITH,<br><br>                          Defendants. | CASE NO. 10cv702-WQH-BGS<br><br>ORDER |

HAYES, Judge:

     The matter before the Court is the review of the Report and Recommendation (ECF No. 42) issued by United States Magistrate Judge Bernard G. Skomal, recommending that the Court grant the Motion to Dismiss filed by Defendant Richard O. Butcher with leave to amend (ECF No. 18) and deny without prejudice the Motion to Strike filed by Defendant Butcher (ECF No. 19).

## BACKGROUND

     On April 1, 2010, Plaintiff, a state prisoner proceeding pro se, initiated this action by filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983. (ECF No. 1). The Complaint alleges that, on July 2, 2009, Plaintiff suffered a hand injury while working as a "machine operator" at "a prison shoe factory located at Richard J. Donovan Correctional Facility in San Diego, California." *Id*. at 3. Plaintiff alleges claims against Defendants John LaMontagne, the "Superintendent in charge" of the factory, Defendants Butcher and Jose E. Otero,

physicians at "Alvarado Hospital Medical Center," and Defendant David G. Smith, a physician at the Richard J. Donovan Correctional Facility. *Id*. at 3, 7. The Complaint alleges that Defendant Butcher violated the Eighth Amendment to the U.S. Constitution and California state law by acting "with deliberate indifference to the serious medical needs of Plaintiff." *Id*. at 7. Apart from the legal conclusions that Butcher violated the U.S. Constitution and California state law, the Complaint references Butcher in two paragraphs:

> A Pre-Operation History and Physical was completed. Debridement and further care were planned by Defendants Butcher and Otero. (Exhibit E). Defendant Butcher informed Plaintiff Miller that he would be hospitalized for one week in order for an operation to be performed on the third finger of his left hand. ...
>
> Exhibits D through I support the fact that Defendants Butcher and Otero acted with deliberate indifference and negligence to the serious medical needs of Plaintiff Miller.

*Id*. at 7-8.

Exhibits E and F, attached to the Complaint, consist of two medical reports related to Plaintiff signed by Butcher and one report signed by Otero. The first report, signed by Butcher and dated July 2, 2009, states:

> The patient is admitted to the floor. Will keep on IV antibiotics: Ancef. Will ask Jose Otero, MD, to evaluate status. The patient may need some debridement, further care. Will admit patient to the floor. Will continue his Ancef IV. Will ask Dr. Otero to evaluate and give medicines for pain control.

*Id*. at 35. The second report, signed by Otero and dated July 3, 2009, states:

> This patient was seen at the request of Dr. Butcher for evaluation of a crush injury to the left hand with comminuted compound fracture. ...
>
> Recommendations: Continued splinting until the swelling decreases. Antibiotics. Will evaluate the x-rays. He may need an open reduction.

*Id*. at 36, 38. The third report, signed by Butcher and dated July 6, 2009, states:

> The patient was admitted to the floor and initially started on Ancef. The patient was seen by Dr. Otero, plastic surgeon, who reviewed x-rays and felt the patient did not need surgical intervention. The patient is stable at this time. We will plan on discharging him back to the facility. ...
>
> The patient is okay for general population. He is wearing a splint. He needs to have his dressing changed daily. The patient is stable for discharge. He will be followed up on an outpatient basis.

*Id*. at 40-41.

On July 20, 2010, Butcher filed the Motion to Dismiss and the Motion to Strike. (ECF

1  Nos. 18, 19). Butcher moves to dismiss the Complaint pursuant to Federal Rule of Civil
2  Procedure 12(b)(6). Butcher contends that the Complaint fails to adequately allege that
3  Butcher acted under color of law for the purposes of a § 1983 claim, and the Complaint fails
4  to adequately allege that Butcher was deliberately indifferent to Plaintiff's medical needs under
5  federal law or committed medical negligence under state law. Butcher moves to strike
6  Plaintiff's request for punitive damages pursuant to California Code of Civil Procedure §
7  425.13.

8  On January 28, 2011, the Magistrate Judge issued the Report and Recommendation.
9  (ECF No. 42). The Magistrate Judge recommends granting Butcher's Motion to Dismiss with
10 leave to amend on the basis that the Complaint fails to satisfy the pleading standards of Federal
11 Rule of Civil Procedure 8. The Magistrate Judge recommends denying the Motion to Strike
12 on the basis that Butcher failed to cite authority applying California Code of Civil Procedure
13 § 425.13 in the context of a § 1983 suit in federal court.

14 On February 18, 2011, Butcher filed Objections to the Report and Recommendation.
15 (ECF No. 43). Butcher objects that the Complaint should be dismissed with prejudice and
16 without leave to amend, and that California Code of Civil Procedure § 425.13 should apply in
17 this action.

18 The docket reflects that Plaintiff did not file objections to the Report and
19 Recommendation.

## DISCUSSION

21 The duties of the district court in connection with a report and recommendation of a
22 magistrate judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28
23 U.S.C. § 636(b)(1). When a party objects to a report and recommendation, "[a] judge of the
24 [district] court shall make a de novo determination of those portions of the [report and
25 recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474
26 U.S. 140, 149-50 (1985). A district court may "accept, reject, or modify, in whole or in part,
27 the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b)(3); *see*
28 *also* 28 U.S.C. § 636(b)(1).

The Court has reviewed and considered the Report and Recommendation and the submissions of the parties. The Magistrate Judge correctly stated the applicable pleading standards pursuant to Rule 8 of the Federal Rules of Civil Procedure. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers") (quotation omitted). The Magistrate Judge correctly concluded that the Complaint adequately alleges, "given the more liberal pleading standard afforded to pro se litigants, that ... Defendant Butcher was acting under the color of state law while providing medical services to Plaintiff." (ECF No. 42 at 7 (citing *West v. Atkins*, 487 U.S. 42, 45 (1988)). The Magistrate Judge correctly stated the applicable standard for stating a claim for violation of the Eighth Amendment. *See Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) ("In order to establish a constitutional violation, Plaintiffs must satisfy both the objective and subjective components of a two-part test. First, they must prove that Defendants have deprived them of the minimal civilized measure of life's necessities. Second, Plaintiffs must demonstrate that Defendants acted with deliberate indifference in doing so.") (quotations omitted). The Magistrate Judge correctly concluded that the Complaint, including the attached exhibits, fails to adequately allege "non-conclusory factual content" sufficient to state a claim for a violation of the Eighth Amendment against Butcher. *Moss*, 572 F.3d at 969. The Complaint also fails to adequately allege facts sufficient to state a claim against Butcher for medical malpractice under California law. *Cf. Avivi v. Centro Medico Urgente Med. Ctr.*, 159 Cal. App. 4th 463, 468 n.2 (2008) ("The elements of a medical malpractice claim are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.") (quotation omitted).

Butcher objects to the dismissal of the Complaint without prejudice and with leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation omitted). At this stage, the Court cannot determine that the pleading deficiencies in the claims against Butcher "could not possibly be cured by the allegation of other facts." *Id*. Butcher's objection is overruled.

Butcher objects to the conclusion that California Code of Civil Procedure § 425.13 does not apply in this action. Section 425.13 provides:

> [A]ny action for damages arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed. The court may allow the filing, ... on the basis ... that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim.

Cal. Code Civ. Proc. § 425.13(a). Because the Complaint has been dismissed as to Butcher, the Court declines to decide the issue of the applicability of § 425.13 at this time. Butcher's objection is overruled.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation is adopted. (ECF No. 42). The Motion to Dismiss filed by Defendant Richard O. Butcher is granted (ECF No. 18), and the Complaint is dismissed as to Butcher without prejudice and with leave to amend. The Motion to Strike is denied without prejudice. (ECF No. 19).

DATED: March 4, 2011

**WILLIAM Q. HAYES**
United States District Judge