# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN THOMAS MILLER,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>JOHN LAMONTAGNE; RICHARD O. BUTCHER; JOSE E. OTERO; and DAVID G. SMITH,<br><br>　　　　　　　　　Defendants. | CASE NO. 10cv702-WQH-BGS<br><br>ORDER |

HAYES, Judge:

　　The matters before the Court are the Motions to Dismiss the Complaint and the Motion to Strike the First Amended Complaint filed by Defendants John LaMontagne and David G. Smith. (ECF Nos. 30, 35, 47).

## BACKGROUND

　　On April 1, 2010, Plaintiff, a state prisoner proceeding pro se, initiated this action by filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983. (ECF No. 1).

　　Defendants Richard O. Butcher, John LaMontagne and David G. Smith each filed Motions to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 18, 19, 30, 35).

　　On March 4, 2011, the Court granted Butcher's Motion to Dismiss and dismissed the Complaint as to Butcher without prejudice and with leave to amend. (ECF No. 45).

　　On March 30, 2011, Plaintiff filed a First Amended Complaint. (ECF No. 46).

　　On April 5, 2011, LaMontagne and Smith filed a Motion to Strike Plaintiff's First Amended Complaint Pending Ruling on Defendants LaMontagne and Smith's Motion to Dismiss Plaintiff's Complaint ("Motion to Strike"). (ECF No. 47).

　　On April 8, 2011, Butcher filed a Motion to Dismiss the First Amended Complaint

1  pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 48).

## DISCUSSION

In the March 4, 2011 Order, the Court dismissed the Complaint without prejudice as to Butcher and granted Plaintiff leave to amend. (ECF No. 45). To the extent Plaintiff required leave to amend the Complaint as to LaMontagne and Smith, the Court liberally construes the First Amended Complaint as a motion for leave to amend. *Cf. U.S. v. Seesing*, 234 F.3d 456, 463 (9th Cir. 2000) ("Pro se complaints ... from prisoners are to be liberally construed."). After reviewing the submissions of the parties, the Court finds that, pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff should be permitted leave to file the First Amended Complaint. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("Rule 15 advises the court that leave shall be freely given when justice so requires. This policy is to be applied with extreme liberality.") (quotations omitted). LaMontagne and Smith's Motion to Strike Plaintiff's First Amended Complaint is denied. (ECF No. 47).

Once filed, an amended complaint supersedes the original complaint in its entirety. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). Accordingly, the Motions to Dismiss filed by LaMontagne and Smith, which address the original Complaint, are denied as moot.

## CONCLUSION

IT IS HEREBY ORDERED that LaMontagne and Smith's Motion to Strike Plaintiff's First Amended Complaint is DENIED. (ECF No. 47). The First Amended Complaint is the operative pleading in this action. (ECF No. 46). The Motions to Dismiss the original Complaint are DENIED AS MOOT. (ECF Nos. 30, 35). The Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on April 8, 2011 by Defendant Butcher, remains pending. (ECF No. 48).

DATED: April 11, 2011

**WILLIAM Q. HAYES**
United States District Judge