1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   JUSTIN THOMAS MILLER,                    CASE NO. 10cv702-WQH-BGS
12                            Plaintiff,      ORDER
         vs.
13   JOHN LAMONTAGNE; RICHARD
     BUTCHER; JOSE OTERO; and DAVID
14   SMITH,
15                            Defendants.
16
     HAYES, Judge:
17
         The matter before the Court is the Report and Recommendation issued by United States
18
     Magistrate Judge Bernard G. Skomal (ECF No. 61) recommending that the Court (1) grant the
19
     Motion to Dismiss filed by Defendant Richard Butcher (ECF No. 48), (2) grant in part and deny
20
     in part the Motion to Dismiss filed by Defendants John Lamontagne and David Smith (ECF No.
21
     50), and (3) grant the Motion to Dismiss filed by Defendant Jose Otero (ECF No. 51).
22
                                    **BACKGROUND**
23
         On April 1, 2010, Plaintiff, a state prisoner proceeding pro se, initiated this action by
24
     filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983.  (ECF No. 1).  On July 20,
25
     2010, Defendant Richard Butcher filed a motion to dismiss.  (ECF No. 18).  On January 28,
26
     2011, the Magistrate Judge issued a Report and Recommendation recommending that the Court
27
     grant Defendant Butcher's motion to dismiss.  (ECF No. 42).  On March 4, 2011, the Court
28
     adopted the Report and Recommendation and granted Defendant Butcher's motion to dismiss.

1 (ECF No. 45).

2     On March 30, 2011, Plaintiff filed an amended complaint ("Complaint") against Butcher,

3 John LaMontagne, Jose Otero, and David Smith, alleging that Defendants violated his Eighth

4 Amendment rights to safety and medical care by failing to prevent and treat an injury sustained

5 at Richard J. Donovan Correctional Facility ("Donovan") on July 2, 2009.  (ECF No. 46).

6     Plaintiff alleges that on June 29, 2009, Plaintiff reported to work as a machine operator

7 at the shoe factory located in Donovan and discovered two safety hazards at the machine he was

8 assigned to operate. *Id.* at 3.  Plaintiff alleges that he immediately reported the dangerous work

9 conditions to the superintendent in charge of the factory, Defendant John Lamontagne, who told

10 Plaintiff, "don't worry about it, just make shoes." *Id*. at 3-4.  Plaintiff alleges that he was

11 working at the same hazardous machine on July 2, 2009 when his glove was caught in a rotating

12 portion of the machine and his finger was crushed. *Id.* at 4-5.  Plaintiff alleges that Defendant

13 Lamontagne was negligent and deliberately indifferent to excessive risks to Plaintiff's safety

14 posed by the safety hazards of the machine, in violation of Plaintiff's Eighth Amendment rights.

15     Plaintiff alleges that he was hospitalized for the injury to his finger at Alvarado Hospital

16 from July 2, 2011 to July 6, 2011. *Id.* at 8.  Plaintiff alleges that Defendants Butcher and Otero,

17 medical doctors at Alvarado Hospital, disregarded his need for adequate pain medication and

18 failed to provide adequate medical care beyond first aid. *Id*.  Plaintiff alleges that he was

19 referred to Defendant Smith, an orthopedic surgeon, when he returned to Donovan. *Id.* at 13.

20 Plaintiff alleges that Defendant Smith examined Plaintiff for 82 seconds and failed to provide

21 Plaintiff with necessary treatment or pain medication. *Id*. at 13-14.  Plaintiff alleges that

22 Defendants Butcher, Otero, and Smith were negligent and deliberately indifferent to his serious

23 medical needs in violation of Plaintiff's Eighth Amendment rights.

24     On April 8, 2011, Defendant Butcher filed a motion to dismiss and strike. (ECF No. 48).

25 On April 19, 2011, Plaintiff filed an opposition. (ECF No. 52).  On April 22, 2011, Defendant

26 Butcher filed a reply.  (ECF No. 53)

27     On April 13, Defendants Lamontagne and Smith filed a motion to dismiss.  (ECF No.

28 50).  On April 26, 2011, Plaintiff filed an opposition.  (ECF No. 54).  On May 10, 2011,

Defendants Lamontagne and Smith filed a reply.  (ECF No. 56).

On April 14, 2011, Defendant Otero filed a motion to dismiss.  (ECF No. 51).  Plaintiff did not file any opposition to the motion to dismiss filed by Defendant Otero.  However, on May 2, 2011, Defendant Otero filed a reply.  (ECF No. 55).

On January 22, 2012, the Magistrate Judge issued a Report and Recommendation on the motions to dismiss filed by Defendants.  (ECF No. 61).  The Magistrate Judge recommends denying the motion to dismiss the claims alleged against Defendant Lamontagne and granting the motions to dismiss the claims alleged against Defendants Smith, Butcher and Otero.  The docket reflects that no objections to the Report and Recommendation have been filed.

## REVIEW OF THE REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b).  The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b).  The district court need not review de novo those portions of a report and recommendation to which neither party objects.  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

After reviewing the Report and Recommendation, the record in this case, and the submissions of the parties regarding the claims against Defendant Lamontagne, the Court finds that the Magistrate Judge correctly stated that liability for violation of a right to safety under the Eighth Amendment "exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk." (ECF No. 61 at 9).  The Magistrate Judge correctly concluded that "Plaintiff sufficiently alleges that he was incarcerated under a condition presenting a substantial risk of serious harm" and "Plaintiff sufficiently alleges facts stating a plausible claim that LaMontagne subjectively knew of the risk to Plaintiff's safety and disregarded the risk." *Id*. at 11.  The Magistrate Judge correctly concluded

1  that "Plaintiff's allegations give rise to a reasonable inference that the condition of the machine

2  was objectively a substantial risk to Plaintiff's safety, that LaMontagne subjectively knew of

3  this risk, and that LaMontagne disregarded the risk." *Id.*

4      After reviewing the Report and Recommendation, the record in this case, and the

5  submissions of the parties regarding the claims against Defendants Butcher, Otero, and Smith,

6  the Magistrate Judge correctly stated that "[p]rison officials violate the Eighth Amendment if

7  they act with deliberate indifference to a prisoner's serious medical needs" and that "[a] prison

8  official acts with deliberate indifference only if the official 'knows of and disregards an

9  excessive risk to inmate health or safety.'" *Id.* at 12, quoting *Farmer v. Brennan,* 511 U.S. 825,

10  834 (1994). The Magistrate Judge correctly stated that "[a] prisoner's civil rights will only be

11  abridged if 'the indifference to his medical needs [is] substantial. Mere "indifference,"

12  "negligence," or "medical malpractice" will not support this cause of action.'" *Id.*, quoting

13  *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980). The Magistrate Judge correctly

14  stated that "[a] difference of opinion between medical professionals concerning the appropriate

15  course of inmate treatment or care is not enough, by itself, to support a claim of deliberate

16  indifference." *Id.* at 18-19, citing *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989).

17      Regarding the claims against Defendant Butcher, medical doctor at Alvarado Hospital,

18  the Magistrate Judge correctly found that "Plaintiff's allegations and the exhibits offered in

19  support do not allow the Court to draw a reasonable inference that Defendant Butcher 'knew

20  of and disregarded an excessive risk to inmate health or safety'... [as] Defendant Butcher

21  recognized that Plaintiff had a fractured finger, admitted him to the floor, provided him with

22  antibiotics and recommended follow up care...." *Id.* at 13-14, quoting *Farmer*, 511 U.S. at 834.

23  The Magistrate Judge correctly concluded that "Plaintiff has not alleged sufficient facts to

24  support an inference that Defendant Butcher acted with deliberate indifference in treating

25  Plaintiff in violation of the Eighth Amendment." *Id.* at 14.

26      Regarding the claims against Defendant Otero, medical doctor at Alvarado Hospital, the

27  Magistrate Judge correctly found that "Plaintiff's allegations and the exhibits offered in support

28  do not allow the Court to draw a reasonable inference that Defendant Otero 'knew of and

disregarded an excessive risk to inmate health or safety' as Defendant Otero evaluated Plaintiff's finger, felt that surgery was not necessary, treated Plaintiff's complaints of pain with Motrin and Tylenol with codeine, and provided follow-up care...." *Id.* at 16, quoting *Farmer*, 511 U.S. at 834.  The Magistrate Judge correctly concluded that "Plaintiff has not alleged sufficient facts to support an inference that Defendant Otero acted with deliberate indifference in treating Plaintiff in violation of the Eighth Amendment." *Id.*

Regarding the claims against Defendant Smith, orthopedic surgeon at Donovan, the Magistrate Judge correctly concluded that Plaintiff "fails to plead facts to support an inference that Defendant Smith's care of Plaintiff was deliberately indifferent.... [as] Defendant Smith examined X-rays, examined Plaintiff's finger, considered the stiffness in his finger, and concluded that Plaintiff needed to work on range of motion and did not need surgery or any other treatment." *Id.* at 18.  The Magistrate Judge correctly concluded that "Plaintiff has not alleged sufficient facts to support an inference that Defendant Smith acted with deliberate indifference in treating Plaintiff in violation of the Eighth Amendment." *Id.* at 19.

The Magistrate Judge correctly concluded that Plaintiff's allegations of negligence against Defendants Butcher, Otero, and Smith are insufficient to satisfy such a cause of action. *Id.* at 12, 17, 19 ("A prisoner's civil rights will only be abridged if 'the indifference to his medical needs [is] substantial. Mere "indifference," "negligence," or "medical malpractice" will not support this cause of action.'").

Regarding Plaintiff's request for injunctive relief, the Magistrate Judge correctly stated that Plaintiff "must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Id.* at 20, quoting *Summers v. Earth Island Institute,* 555 U.S. 488, 493 (2009).  The Magistrate Judge correctly concluded that  "Plaintiff fails to plead any facts suggesting an ongoing or prospective violation of his constitutional rights at the hands of Defendants." *Id.*

**CONCLUSION**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 61) is adopted as follows: the motion to dismiss filed by Defendant Richard Butcher (ECF No. 48) and the motion to dismiss filed by Defendant Jose Otero (ECF No. 51) are GRANTED.  The motion to dismiss filed by Defendants John Lamontagne and David Smith is GRANTED in part and DENIED in part (ECF No. 50).  The claims against Defendant John Lamontagne are not dismissed, and the case shall proceed against Defendant John Lamontagne.  Any request to amend the Complaint must be made by motion to the Court pursuant to S.D.Civ.L.R. 15.1.

DATED:  March 1, 2012

**WILLIAM Q. HAYES**
United States District Judge