# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN THOMAS MILLER,<br><br>                Plaintiff,<br>vs.<br><br>JOHN LAMONTAGNE, Factory Superintendent,<br><br>                Defendant. | CASE NO. 10-CV-702-WQH (BGS)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL** |

      On April 27, 2012, nunc pro tunc to March 22, 2012, Plaintiff Justin Thomas Miller, a prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. §1983, filed a motion to appoint counsel. (Doc. No. 66.) This is Plaintiff's third request to appoint counsel. (*See* Doc. Nos. 3 & 17.) On May 10, 2010, the Court denied Plaintiff's first request (Doc. No. 7) and on August 2, 2010 denied Plaintiff's second request (Doc. No. 21). For the reasons set forth below, the Court DENIES WITHOUT PREJUDICE Plaintiff's current motion for appointment of counsel.

      Plaintiff asserts he requires appointment of counsel because he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, the issues involved in this case are complex and will require significant research and investigation, he has limited access to the law library and limited knowledge of the law, and a trial in this matter will involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross-

1 | examine witness. (Doc. No. 66 at 1-2.) Plaintiff states that he has made repeated efforts to
2 | obtain a lawyer, which have been unsuccessful. (*Id.* at 2.)

3 |     "There is no constitutional right to appointed counsel in a § 1983 action." *Rand v.*
4 | *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (*citing Storseth v. Spellman*, 654 F.2d 1349,
5 | 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360,
6 | 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation
7 | omitted). Thus, federal courts do not have the authority "to make coercive appointments of
8 | counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United*
9 | *States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

10 |     Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to
11 | "request" that an attorney represent indigent civil litigants upon a showing of "exceptional
12 | circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir.
13 | 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff
14 | seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on
15 | the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the
16 | complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (*quoting Wilborn v.*
17 | *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015,
18 | 1017 (9th Cir. 1991).

19 |     The Court denies Plaintiff's request without prejudice, as neither the interests of justice
20 | nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*,
21 | 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. Plaintiff first requests the
22 | appointment of counsel because he cannot afford to hire an attorney. While the inability to
23 | afford counsel is one prerequisite to any request for appointment of counsel under section
24 | 1915(e)(1), Plaintiff must also plead facts which show he has an insufficient grasp of his case
25 | or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.
26 | *Agyeman,* 390 F.3d at 1103 (quoting *Wilborn,* 789 F.2d at 1331; see also *Terrell*, 935 F.2d at
27 | 1017. Plaintiff has not made such a showing. Plaintiff's arguments that he has limited
28 | knowledge of the law and that this case will involve research and investigation are not based

on the complexity of the legal issues involved, but rather on the general difficulty of litigating *pro se*. *See Wilborn*, 789 F.3d at 1331 (noting that, "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").

Any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). Nonetheless, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better- particularly in the realms of discovery and the securing of expert testimony"); *accord Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff has thus far been able to articulate his claims against the relative complexity of the case, as the Court found that Plaintiff's complaint contained allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b) (*see* Doc. No. 7 at 4) and his claims against Defendant LaMontagne survived a motion to dismiss and are proceeding through discovery (*see* Doc. No. 62). Further, Plaintiff's assertions regarding presenting evidence and cross-examining witnesses at trial does not present an exceptional circumstance warranting appointment of counsel at this time, as this case is in the discovery phase and has not yet survived summary judgment. Accordingly, the Court DENIES WITHOUT PREJUDICE Plaintiff's third request for appointment of counsel.

**IT IS SO ORDERED.**

DATED: May 11, 2012

**BERNARD G. SKOMAL**
United States Magistrate Judge

on the complexity of the legal issues involved, but rather on the general difficulty of litigating *pro se*. *See Wilborn*, 789 F.3d at 1331 (noting that, "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").

Any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). Nonetheless, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better- particularly in the realms of discovery and the securing of expert testimony"); *accord Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff has thus far been able to articulate his claims against the relative complexity of the case, as the Court found that Plaintiff's complaint contained allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b) (*see* Doc. No. 7 at 4) and his claims against Defendant LaMontagne survived a motion to dismiss and are proceeding through discovery (*see* Doc. No. 62). Further, Plaintiff's assertions regarding presenting evidence and cross-examining witnesses at trial does not present an exceptional circumstance warranting appointment of counsel at this time, as this case is in the discovery phase and has not yet survived summary judgment. Accordingly, the Court DENIES WITHOUT PREJUDICE Plaintiff's third request for appointment of counsel.

**IT IS SO ORDERED.**

DATED: May 11, 2012

**BERNARD G. SKOMAL**
United States Magistrate Judge